**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Crown Realty & Development, Inc., | No. CV 06-1442-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Saundra K. Sandblom, Crown Realty & Development Co., LLC, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss First Amended Complaint (Doc. #10). The Court now rules on that motion.

**I.     INTRODUCTION**

Plaintiff Crown Realty & Development, Inc. (hereinafter Plaintiff or "Crown Inc.") is a California-based company that has major real estate holdings throughout the western states. A subsidiary of Crown Inc. purchased Defendant Saundra Sandblom's home in connection with the subsidiary's development of the Montelucia Resort in Palm Valley, Arizona. Allegedly unhappy with the sale, Sandblom formed and registered Defendant Crown Realty & Development Co, LLC (Crown LLC) as an Arizona limited liability company. Plaintiff claims that Sandblom's formation of Crown LLC violates sections 43(a) and 43(c) of the Lanham Act. Plaintiff also alleges a state law unfair competition claim.

**II.    BACKGROUND**

Crown Inc. has developed commercial, retail, and residential properties and has engaged in re-development and property management throughout the Western United States since 1994. In December 2003, a subsidiary of Crown Inc. purchased the La Posada Resort

1  and subsequently development the Montelucia Resort, Spa, and Residences in Paradise
2  Valley, Arizona. (Compl. ¶ 6). Crown Inc.'s subsidiary purchased Sandblom's house in
3  connection with the development of the Montelucia. (Compl. ¶ 9). Plaintiff alleges Sandblom
4  was not happy with the amount she received for her home and threatened to interfere with the
5  subsidiary's development of the Montelucia project. (Compl. ¶ 10).

6  Plaintiff claims that as a result of her dislike of Crown Inc., Sandblom formed Crown
7  LLC. (Compl. ¶ 11). When Crown Inc. demanded that Sandblom stop using the Crown LLC
8  name, Sandblom allegedly stated she would consider selling what Plaintiff labels "the mark"
9  to Crown Inc. (Compl. ¶ 13). Sandblom allegedly has written letters to the publisher of
10 several Maricopa County newspapers regarding her ownership of Crown LLC. (Compl. ¶ 14).

11 **III.   LEGAL ANALYSIS AND CONCLUSION**

12      Standard

13  A motion to dismiss for failure to state a claim is disfavored and rarely granted.
14 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). Further, the Court must
15 construe the facts alleged in the complaint in the light most favorable to the Plaintiff and the
16 Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
17 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still meet the pleading
18 requirements of FED.R.CIV.P. 8. Under FED.R.CIV.P. 8, the complaint must contain, "a short
19 and plain statement of the claim showing that the pleader is entitled to relief." Thus, dismissal
20 can be based on the absence of sufficient facts alleged under a cognizable legal theory.
21 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

22

23      Lanham Act Claims

24  Plaintiff alleges that Defendants violated sections 43(a) & (c) of the Lanham Act, 15
25 U.S.C. §§1125(a) & (c)(1). Section 43(a) of the Act prohibits trademark infringement and
26 section 43(c) prohibits trademark dilution. Both trademark infringement and trademark
27 dilution claims are subject to a commercial use requirement. *Bosley Med. Inst., Inc. v.
28 Kremer*, 403 F.3d 672, 676-77 (9th Cir. 2005). "The Supreme Court has made it clear that

1 trademark infringement law prevents only unauthorized uses of a trademark in connection
2 with *a commercial transaction* in which the trademark is being used to confuse potential
3 consumers." *Id*. at 676 (citing *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368 (1924))(emphasis
4 added). The Ninth Circuit has interpreted the "commercial use in commerce" requirement of
5 the trademark dilution statute as being roughly analogous to the "in connection with" the sale
6 of goods and services requirement of the trademark infringement statute. *Id*.

Because "commercial use" of the mark is a requirement for both the trademark infringement and dilution claims, Plaintiff must have sufficiently alleged that Defendants used the mark commercially to survive a motion to dismiss.[1] Plaintiff argues it has met this burden by alleging: 1) Sandblom formed a for-profit LLC using the Crown name (Compl. § 11); 2) Sandblom stated she would consider selling the mark to Plaintiff (Compl. § 13); 3) Sandblom is making her use of the Crown Realty mark known to the public through, among other things, letters to the publisher of several Maricopa County newspapers (Compl. § 14); and 4) Sandblom is using the Crown name to prevent Plaintiff from using it in Arizona (Compl. § 13).

None of these allegations is sufficient. The fact that Crown LLC is a for-profit LLC does not demonstrate commercial use of the trade name. Alleging the Defendants could make money using the Crown name is very different from alleging they actually are using the name to make money. And writing letters to a newspaper editor regarding her ownership of the Crown LLC name does not constitute a commercial use of the name. If Plaintiff had alleged Sandblom advertises the sale of real estate or any other good or service under the Crown name in newspapers, Plaintiff could have met its burden. Plaintiff's allegation that Sandblom formed

---

[1] Plaintiff argues that it need allege only that it has suffered commercial injury to survive the motion to dismiss, citing *Jack Russell Terrier Network of N. California v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005). Plaintiff's reliance on *Jack Russell* for this argument is misplaced. *The Jack Russell* court held that a plaintiff need only allege commercial injury to satisfy standing requirements for a trademark infringement claim. *Id*. The court said nothing about the requirements for stating a claim.

1  Crown LLC to prevent it from doing business in Arizona under its name tends to show
2  Sandblom did not have a commercial motive for forming Crown LLC.
3      Plaintiff argues that *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)
4  makes clear that Sandblom's offer to consider selling the name to Plaintiff violated the
5  trademark dilution provisions of the Lanham Act. The *Panavision* case is distinguishable.
6  The defendant in *Panavision* made a living by registering trademarks as domain names and
7  then selling them to the trademark's rightful owners. *Id*. at 1325. One of the defendant's
8  business objectives was to profit from the resale or licensing of the domain names. *Id*. The
9  *Panavision* court found that the defendant's business of selling trademark domain names
10 constituted commercial use under the Lanham Act. *Id*.
11     Unlike the defendant in *Panavision*, Sandblom is not in the business of forming LLCs
12 with trademark names then selling the trademark names to their rightful owners. In fact,
13 Sandblom did not make an actual offer of sale to the Plaintiff, she merely said she would
14 consider selling the trademark. Plaintiff has stated that Sandblom formed the LLC to prevent
15 it from doing business in Arizona under its rightful name. Plaintiff does not allege that
16 Sandblom had a commercial reason for forming Crown LLC. The *Panavision* holding does
17 not apply here.
18     As Plaintiff has suggested, it does not have to use any "magic words" to plead a
19 trademark infringement or dilution claim. But it does have to make some allegations that
20 Sandblom has made commercial use of her LLC. Plaintiff has failed to do so. The Lanham
21 Act protects against commercial use of a famous mark or name, it does not offer protection
22 against the type of behavior Sandblom has exhibited here. The Court therefore will grant the
23 motion to dismiss the Lanham Act claims without prejudice to Plaintiff refiling should
24 Sandblom begin using the Crown LLC name to sell goods or services.

25 **Arizona Unfair Competition Claim**

26     The Court may decline to exercise supplemental jurisdiction over related state-law
27 claims once it has dismissed all claims over which it has original jurisdiction. 28 U.S.C.
28 §1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Because the Court has

1 dismissed the federal claims in this case, it will decline to exercise its supplemental
2 jurisdiction over the unfair competition claim.

**Motion to Amend**

To the extent Plaintiff intended the last sentence of its Response in Opposition to Defendant's Motion to Dismiss to serve as a motion to amend the First Amended Complaint, the motion is denied. The District of Arizona Local Rules require a party moving for leave to amend a pleading to attach a copy of the proposed amended pleading as an exhibit to the motion. L.R.Civ.P. 15.1. Plaintiff has not submitted a proposed Second Amended Complaint.

Accordingly,

IT IS HEREBY ORDERED GRANTING Defendants' Motion to Dismiss First Amended Complaint (Doc. # 10).

IT IS FURTHER ORDERED DENYING Plaintiff's Motion to Amend to the extent it so moved.

DATED this 22nd day of January, 2007.

_____
James A. Teilborg
United States District Judge